IN the INTEREST OF H.Q. and P.Q., persons under
the age of 18: M.Q., Appellant,

v.

Z.Q., Respondent.

Court of Appeals

*No. 88-2330. Submitted on briefs July 14, 1989.—Decided
October 19, 1989.*

(Also reported in 449 N.W.2d 75.)

702

For the appellant the cause was submitted on the briefs of *Cullen, Weston, Pines & Bach,* by *Cheryl Rosen Weston,* of Madison.

For the petitioner-respondent the cause was submitted on the brief of *Z.O.,* pro se, of Bangor.

Brief of amicus curiae was filed by *Legal Aid Society of Milwaukee, Inc.,* by *Ty Gee,* of Milwaukee, on its own behalf.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. M.Q. appeals from an order issued under sec. 813.122, Stats., the child abuse

restraining orders and injunctions statute, enjoining him to avoid his children for a five-month period. The judge issued the order after finding that reasonable grounds existed to believe that M.Q. had abused or might abuse his children.

We deem the issues to be whether: (1) the case is moot because the injunction has expired; (2) the record supports a finding that M.Q.'s children had been emotionally damaged within the meaning of sec. 813.122(1)(e), Stats.; and (3) the judge should have appointed a guardian ad litem for the children. We conclude that the case is not moot and the evidence is insufficient for a finding of emotional damage. Because of our disposition of the latter issue, we need not decide whether the judge should have appointed a guardian ad litem. We reverse the order under appeal.

Section 813.122(5)(a)3., Stats., permits a judge to grant an injunction ordering a respondent to avoid a child victim's residence and to avoid contacting the child if, "[a]fter hearing, the judge finds reasonable grounds to believe that the [alleged abuser] has engaged in, or . . . may engage in, abuse of the child victim." Abuse includes "emotional damage." Sec. 813.122(1)(a)5. "Emotional damage" means

> harm to a child's psychological or intellectual functioning which is exhibited by severe anxiety, depression, withdrawal or outward aggressive behavior, or a combination of those behaviors, which is caused by the child's parent . . . and for which the child's parent . . . has failed to obtain the treatment necessary to remedy the harm.

Sec. 813.122(1)(e). An action for an injunction is commenced by filing a petition under sec. 813.122(2) and (6)(a).

M.Q.'s wife, Z.Q., filed a petition alleging that he had caused emotional damage to his daughters, H.Q. and P.Q., then eight and three years old, by "becoming intoxicated while with the children and then ignoring them or making disparaging comments to them." She also alleged that one daughter became concerned when M.Q. was intoxicated and was afraid to ride in the car with him. The judge issued a temporary restraining order under sec. 813.122(4), Stats., on the same day the petition was filed. The hearing on the petition was held four days after its filing. Only M.Q.'s wife testified in support of the injunction. Neither she nor the children were represented by counsel. M.Q. appeared personally and by counsel.

M.Q.'s wife testified that M.Q. had recently taken their oldest child camping with six other adults and one other child. Their child told her that the adults drank out of a beer barrel rather than cans and that M.Q. had finished a beer in the car as he drove from the site to return home.[1]

The wife testified that a month earlier, M.Q. and a male friend were drinking in the afternoon and took the two girls swimming. When they returned to the parental home, M.Q. was drunk. The men played with the children in the front yard, and M.Q. inadvertently threw cold water into the oldest girl's eye. When she began to cry, M.Q. said, "Oh, you're going to piss and moan to your mommy." The girl stayed outside until her mother called her and then sobbed and clung to her mother. The child had written in her notes prepared for an attempted

[1]The record does not expressly show that M.Q. was driving that day, but we infer that this was the fact.

alcohol intervention for M.Q. that she was sad and afraid and then ashamed because she felt like a tattletale.

Six months earlier, M.Q. was drunk by 5:00 p.m., was unable to walk, had to crawl up the stairs, and passed out for several hours. The children were crying and asking their mother what was wrong with their father. The family had gone through a similar alcohol-related crisis three years before, and the wife had tried to handle it on her own. This time she received counseling that indicated she was emotionally abused. The oldest child also received counseling.

In summing up, M.Q.'s wife testified that M.Q. "is a kind and loving father but doesn't seem to do the emotional tap dance we do when he drinks." He had accepted and then refused alcohol counseling. Because of that refusal, she planned to seek a divorce immediately.

M.Q.'s counsel requested that the trial court appoint a guardian ad litem for the children before M.Q. presented his case. The court refused, citing time constraints and its desire to conclude the matter quickly. M.Q. then testified. He admitted the incidents his wife had described, but denied that he is an alcoholic or a danger to anyone. He testified that he had never been charged with drunk driving, had held one of his two jobs for fourteen years, and worked fifty to sixty hours per week. He testified to his versions or interpretations of incidents his wife had described.

M.Q.'s sister testified that the oldest child had recently stayed with her for three days. The sister noticed no severe anxiety, depression, withdrawal, or outward aggressiveness on the child's part. She had never seen such behavior by the child. M.Q.'s wife had mentioned nothing of the kind to her, save that the child does not like to ride in a car with M.Q. if he has been drinking.

The judge enjoined M.Q. to avoid the family residence and contact with the children for five months. He was allowed visitation if the family court commissioner so ordered. When issuing the injunction, the judge said:

> Mr. and Mrs. Q., I don't know if Mr. Q's an alcoholic. I don't know if he's drinking too much. I do know that it's clear that something's going on in this family, and at least [the oldest child] is caught in the middle. When she's afraid to ride with her father, something is going on, there's a problem. It appears that it's causing an effect on the children.
>
> There's no doubt in my mind, Mr. Q., that you love your children. There's no doubt in my mind that you'd never try and do anything to physically hurt them. But somehow there's a problem that's developed here, and it doesn't look like it's real, real serious. It looks like it can be solved. But you're not going to be able to do it through an injunction proceeding.

■■

M.Q.'s wife argues that the appeal is moot because the injunction has expired. We disagree. A case is not moot if the issues continue to have a practical effect upon an existing controversy. *State ex rel. La Crosse Tribune v. Circuit Ct.,* 115 Wis. 2d 220, 228, 340 N.W.2d 460, 464 (1983). The issues in this case can have a practical effect on an existing controversy between the parties, since M.Q.'s wife testified that she intends to seek a divorce.

M.Q. may want joint custody of the children. Evidence that a parent has engaged in child abuse as defined in sec. 813.122(1)(a), Stats., creates a rebuttable presumption that the degree of cooperation required by joint custody will be impossible. Sec. 767.24(2)(b)2.c., Stats. The finding that grounds exist to believe M.Q. had

abused his children could be used in the divorce action to create that presumption.

Whether to grant an injunction is left to the discretion of the judge who hears the petition. But the judge may not grant the injunction unless the judge "finds reasonable grounds to believe that the respondent has engaged in . . . or may engage in, abuse of the child victim."

Whether such reasonable grounds exist is a question of mixed fact and law. We will not set aside the factual portion of the judge's answer to the question unless it is clearly erroneous. Sec. 805.17(2), Stats. We independently review the judge's conclusion, based on the established facts, whether such reasonable grounds exist. *See Department of Revenue v. Exxon Corp.,* 90 Wis. 2d 700, 713, 281 N.W.2d 94, 101 (1979), *aff'd,* 447 U.S. 207 (1980) (mixed question of fact and law requires finding as to what actually happened, followed by conclusion whether the facts satisfy a legal standard).

The petition alleged that M.Q. had caused emotional damage to his children, and no effort was made to show that any other type of child abuse had occurred. The judge implicitly found that emotional damage had occurred. That is the factual basis for the judge's conclusion that reasonable grounds exist to believe that M.Q. had abused or might abuse his children. The implied finding regarding emotional damage is clearly erroneous.

Emotional damage means harm exhibited by "severe anxiety, depression, withdrawal or outward aggressive behavior" or a combination of them. Sec. 813.122(1)(e), Stats. The record contains no evidence

that either of the parties' two children exhibited such behavior. That one or both of the children were "upset" or "concerned" about their father does not, in the absence of expert testimony, equal severe anxiety or depression. That a child became upset and cried twice in six months because of a parent's acts and dislikes being with the parent when he or she has been drinking is insufficient for a finding of emotional damage, in the absence of expert testimony.

■■■

Because the implied finding that emotional damage had occurred is clearly erroneous, no factual basis existed for the conclusion that reasonable grounds exist to believe M.Q. had abused or might abuse the children. Absent that finding and conclusion, the judge abused his discretion when he granted the injunction under sec. 813.122(5)(a), Stats.

Because we reverse the order on the grounds just discussed, we need not decide whether the judge should have appointed a guardian ad litem, as authorized by sec. 813.122(3)(b)1., Stats.

*By the Court.*—Order reversed.